IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MICHAEL WAYNE WILLIAMS**                                                        **PETITIONER**
**ADC #93995**

v.                             CASE NO.: 5:12CV00161-BSM-BD

**RAY HOBBS, Director,**
Arkansas Department of Correction                                             **RESPONDENT**

## RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Brian S. Miller.  Mr. Williams – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

   Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

**II.   Background**

In 1990, petitioner Michael Wayne Williams was found guilty of first-degree murder, kidnaping, and aggravated assault. *Williams v. State*, 304 Ark. 509, 804 S.W.2d 346 (1991). He was sentenced to life plus twenty-six years in the Arkansas Department of Correction. *Id*. The Arkansas Supreme Court affirmed his conviction on direct appeal. *Id*.

Mr. Williams filed a petition for writ of habeas corpus in this Court, under 28 U.S.C. § 2254, claiming: (1) that there was insufficient evidence to establish the necessary intent to convict him of first-degree murder; (2) that his trial counsel was ineffective for failing to investigate and secure witnesses to support his defense of extreme emotional disturbance; and (3) that he was denied counsel in presenting his ineffective-assistance of counsel claim during his state post-conviction proceedings. *Williams v. Lockhart*, No. 94-2844, 65 F.3d 173, 1995 WL 507280, *1 (8th Cir. 1995)(unpublished table opinion).

The Court denied the petition, concluding that there was sufficient evidence to support the conviction, and finding that Mr. Williams's remaining claims were

procedurally barred. *Id*. Mr. Williams appealed, but the Court of Appeals for the Eighth Circuit affirmed. *Id*. at *2.

In 2011, the Arkansas Supreme Court considered Mr. Williams's *pro se* petition to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis* with respect to his first-degree murder conviction. *Williams v. State*, CR 90-247, 2011 Ark. 541, *1 (2011). In the petition, Mr. Williams claimed that in 2010, he became aware of autopsy reports and police reports showing that one of the victim's two gunshot wounds did not show gunpowder residue. He further claimed that his information was withheld from his defense at his 1990 trial. *Id*. at *4.

The court found that Mr. Williams had offered no evidence to suggest that the evidence had been suppressed by the State. *Id*. at *5. Further, it found that Mr. Williams had fallen short of establishing a reasonable probability that the outcome of the trial would have been different had the information been disclosed at trial. *Id*. at *5. The Arkansas Supreme Court found no basis for a writ of error *coram nobis* and denied the petition. *Id*. at *6.

Mr. Williams now has filed a second petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming: (1) that his due process rights were violated because the prosecution withheld evidence from the defense; (2) that his due process rights were violated because the prosecutor did not enter into a stipulation concerning the autopsy findings; and (3) that his Sixth Amendment right to confrontation was violated because

his counsel could not cross-examine the State's key witness using the autopsy reports or the police reports. (Docket entry #2) Because this is an unauthorized second or successive habeas petition, the petition should be dismissed without prejudice.

### III.    Discussion

Before filing a second or successive habeas petition under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A) And the court of appeals can authorize a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b);[1] *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, the district court lacks jurisdiction to hear the petition. *Id.* at 152-153, 157.

Summary dismissal of a habeas corpus petition, prior to any answer or other pleading being filed by the State, is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without

---

[1] This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id*. §2244(b)(2).

authorization from the court of appeals.[2]  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of this petition, read together with court records, it is obvious that this is a successive habeas corpus petition.  Mr. Williams challenges the same conviction in this petition as he did in his previous petition.  He does not allege or provide any evidence that he has sought or received authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition.  Accordingly, the district court lacks jurisdiction to consider the merits of this petition.

## IV.  Conclusion

The Court recommends that Judge Miller dismiss Michael Wayne Williams's petition for writ of habeas corpus, without prejudice, for lack of jurisdiction and that he deny all pending motions as moot.

---

[2] Rule 4 provides:
The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

DATED this 8th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE